UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHERYL NIN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| SETERUS, INC. and | * | Civil Action No. 15-cv-10237-ADB |
| BANK OF AMERICA, N.A., | * | |
| | * | |
| Defendants. | * | |
| | * | |

MEMORANDUM AND ORDER

March 16, 2016

BURROUGHS, D.J.

On February 10, 2016, Magistrate Judge Cabell filed a Report and Recommendation ("R & R") with respect to Defendant Seterus, Inc.'s Motion for Judgment on the Pleadings ("Seterus"). [ECF No. 53]. The R & R recommends that the motion be granted with respect to Count III of the Complaint and denied with respect to Counts I, II, and IV. Seterus filed objections to the R & R on February 24, 2016 [ECF No. 58], and the Plaintiff responded to Seterus' objections on March 9, 2016. [ECF No. 61]. The Court reviews the portions of the R & R Seterus objected to de novo. Fed. R. Civ. P. 72(b). After this review, the R & R is hereby ADOPTED IN FULL. The Motion for Judgment on the Pleadings is granted with respect to Count III and denied with respect to Counts I, II, and IV.

Seterus, Inc. ("Seterus") has raised two objections to the R & R. First, Seterus contends that Count I, for breach of contract, and Count II, for breach of the covenant of good faith and fair dealing, should be dismissed because Seterus was neither a party to nor an assignee of the contract between Bank of America and the Plaintiff (the "TPP Contract") that was allegedly

breached. On a motion for judgment on the pleadings, "the Court must 'view the facts contained in the pleadings in the light most favorable to the party opposing the motion . . . and draw all reasonable inferences in [that party's] favor.'" Kimmel & Silverman, P.C. v. Porro, 969 F. Supp. 2d 46, 49 (1st Cir. 2009) (quoting Curran v. Cousins, 509 F.3d 36, 43 (1st Cir. 2007)). Plaintiff alleges that she originally entered into the TPP Contract with Bank of America and that Seterus assumed responsibility for the TPP Contract when the servicing of her mortgage was transferred from Bank of America to Seterus. [ECF No. 1, Ex. A ("Complt.") ¶¶ 12-22].

Relying on In re Moultonborough Hotel Grp., LLC, 726 F.3d 1 (1st Cir. 2013), Seterus argues that Bank of America's transferring of its servicing rights to Seterus does not mean that it also transferred its obligations under the TPP Contract to Seterus.[1] Seterus is correct that in Moultonborough, the First Circuit rejected an assignment argument similar to Plaintiff's, finding that the assignment of one contract did not impliedly include the assignment of another. Id. at 7. Moultonborough, however, was decided on summary judgment, and only after the court first reviewed the language of the contracts at issue. Id. (finding that "[n]o language in the assignments purported to transfer such liabilities."). Here, the Court evaluates Plaintiff's claim under the more forgiving Fed. R. Civ. P. 12(c) standard. Moreover, Seterus did not submit with its motion the actual servicer transfer agreement. Accordingly, drawing all inferences in Plaintiff's favor, she has plausibly alleged that the TPP Contract, which Bank of America entered into in its capacity as servicer, was assigned to Seterus via the servicer transfer agreement. On summary judgment or at trial, Seterus may renew its argument that it is not a party to the TPP Contract. At this stage, however, the Court finds that the Plaintiff has plausibly alleged that she

---

[1] At this time, Seterus has not challenged whether there was a valid contract between Plaintiff and Bank of America at the outset. [ECF No. 58 at 2, n.1].

has a valid contract with Seterus. As a result, the R & R is adopted with respect to Counts I and II.

Seterus next argues that Count IV, alleging a violation of Mass. Gen. Laws ch. 93A ("Chapter 93"), should be dismissed and that Magistrate Judge Cabell evaluated it under the wrong legal standard. Chapter 93A prohibits all "unfair methods of competition and unfair or deceptive acts or practices [made] in the conduct of any trade or commerce." Mass. Gen. Laws. ch. 93A, § 2. Section 9 of Chapter 93A provides a private right of action for consumers, and Section 11 a private right of action for persons engaged in trade or commerce. Id. §§ 9, 11. "While both Sections 9 and 11 require proof of an unfair or deceptive act, Section 9 claims are judged under a 'more forgiving consumer standard.'" Alves v. Daly, No. CIV.A. 12-10935-MLW, 2015 WL 3960887, at *2 (D. Mass. June 29, 2015) (quoting Cummings v. HPG Intern., Inc., 244 F.3d 16, 26 (1st Cir. 2001)); see also Am. Paper Recycling Corp. v. IHC Corp., 775 F. Supp. 2d 322, 332 (D. Mass. 2011) ("Businesses seeking relief under Section 11 are held to a stricter standard than consumers in terms of what constitutes unfair or deceptive conduct.") (internal quotations omitted). Here, the Plaintiff has alleged a Section 9 violation. [Complt. ¶ 73].

Seterus, citing Baker v. Goldman, Sachs & Co., 771 F.3d 37 (1st Cir. 2014), argues that the Plaintiff must plead maliciousness or "extreme or egregious negligence" in order to avoid dismissal of her Chapter 93A claim. Id. at 51. Baker, however, concerned a Section 11 claim and is factually distinct from the instant case. In determining the legal standard to apply, Magistrate Judge Cabell correctly referenced mortgage modification cases under Section 9. Both before and after Baker, numerous courts have found that a servicer's deceptive, false or misleading representations to a mortgagee, regarding either loan modification or HAMP rights, can constitute unfair and deceptive conduct under Section 9. See, e.g., Sullivan v. Bank of New York

Mellon Corp., 91 F. Supp. 3d 154, 174 (D. Mass. 2015) ("[A]lleged conduct on Defendants' part characterized by delay, evasiveness, and misrepresentation in processing Plaintiffs' various loan modification applications . . . plausibly supports a Chapter 93A claim."); Hannigan v. Bank of Am., N.A., 48 F. Supp. 3d 135, 143 (D. Mass. 2014) ("[P]laintiffs' allegations that they were unfairly strung along over the course of several years is sufficient to raise a plausible claim that defendants unfairly disregarded and mishandled [their] HAMP application[s]."); Stagikas v. Saxon Mortg. Servs., Inc., No. 10-40164-TSH, 2013 WL 5373275, at *4 (D. Mass. Sept. 24, 2013) ("Courts have found that when defendants misrepresented to plaintiffs the status of their HAMP application, their rights under HAMP, or their eligibility for a permanent loan modification these acts were sufficiently unfair or deceptive to impose c. 93A liability.") (internal quotations omitted). Consistent with this line of cases, the conduct alleged by Plaintiff is sufficiently unfair and deceptive to comprise a Chapter 93A violation. Among other things, Plaintiff alleges that Seterus demanded excessive payments on her monthly bills and provided her with false and misleading information and assurances concerning her HAMP loan modification. All told, from October 2010 to November 2013, Plaintiff received at least seven separate letters from Seterus with different, and allegedly false, reasons for why she was ineligible for loan modification. [Complt. ¶ 25]. At the same time, Plaintiff had conflicting conversations with Seterus representatives who instructed her to continue making payments under HAMP's Trial Period Plan. [Complt. ¶ 27]. The Complaint therefore does not merely allege non-compliance with HAMP, but also a pattern of misrepresentations and missteps that plausibly rises to unfair and deceptive conduct under Section 9 of Chapter 93A. Accordingly, the R & R is adopted with respect to Count IV.

Having reviewed and rejected Seterus' two objections to the R & R, the R & R is hereby <u>ADOPTED IN FULL</u>. The Motion for Judgment on the Pleadings is granted with respect to Count III, but denied with respect to Counts I, II, and IV.

**So Ordered.**

Dated: March 16, 2016

<u>/s/ Allison D. Burroughs</u>
ALLISON D. BURROUGHS
U.S. DISTRICT COURT JUDGE
